IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAQUEL GEARY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C. A. NO. 5:17-CV-152 |
| | § | |
| MUTUAL OF OMAHA | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Mutual of Omaha Insurance Company ("Mutual of Omaha") files this Notice of Removal, and would respectfully show as follows:

**Procedural Background**

1.      Mutual of Omaha is party to an action commenced against it by Plaintiff Raquel Geary in the 408th Judicial District Court of Bexar County, Texas, captioned as Cause No. 2017CI017408; *Raquel Geary v. Mutual of Omaha Insurance Company* (the "state action"). True copies of all process, pleadings and orders served on Mutual of Omaha in the state action are attached hereto as Exhibit "A" with an index of same.

**2.**      Mutual of Omaha was served with Plaintiff's Original Petition in the state action (the "Petition") on February 3, 2017. Thus, this Notice of Removal is timely filed.

**Diversity Jurisdiction**

3.      Removal is proper as there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

4.      Plaintiff is a resident of Bexar County, Texas.  *See* Exhibit A-2: Petition, ¶ 2.

5.      Defendant Mutual of Omaha is a Nebraska corporation with its principal place of business in Omaha, Nebraska. *See* Petition, ¶ 4.

6.      The facts alleged in Plaintiffs' Original Petition demonstrate by a preponderance of the evidence that Plaintiffs' claim exceeds $75,000. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount."  *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount."  *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

7.      In the Petition, Plaintiffs make a claim for critical illness insurance benefits under a policy issued by Mutual of Omaha (the "Policy").[1] *See* Petition, ¶ 10. As alleged by Plaintiff, she seeks "monetary relief over $200,000 but not more than $1,000,000." *Id*. ¶ 6.

8.      As alleged by Plaintiff, the face value of the Policy is $20,000. *Id*., ¶ 10. Plaintiffs allege further that, because Mutual of Omaha declined to pay the requested benefits, the insurance

---

[1] Mutual of Omaha expressly denies that Plaintiff is entitled to benefits under the Policy. However, the facts placed into controversy by Plaintiff at this time require a review of the Petition and Policy documents in order to determine whether it is facially apparent that the claim likely exceeds $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

company is liable for violations of the Texas Insurance Code and Deceptive Trade Practices Act. *Id*. ¶¶ 24-40. She seeks payment of exemplary damages under the Texas Civil Practices and Remedies Code, treble damages under the DTPA, statutory interest under the Insurance Code at the rate of 18%, and attorney's fees. *Id*. ¶¶ 45-48.

9.      Statutory damages, attorneys fees, and interest under the Texas Insurance Code "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Thus, although Mutual of Omaha denies that Plaintiff is entitled to such relief, it is apparent from the face of the Petition that Plaintiff's claims exceed $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claims for damages potentially exceed the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

10.     Accordingly, this matter may properly be removed by Mutual of Omaha to the United States District Court for the Western District of Texas, San Antonio Division.

**Notice Given**

11.     Mutual of Omaha has given notice of this Removal to Plaintiffs and to the 408th Judicial District Court of Bexar County, Texas.

WHEREFORE, Defendant Mutual of Omaha Insurance Company prays that this action be removed to the United States District Court for the Western District of Texas, San Antonio Division, from the 408th Judicial District Court of Bexar County, Texas.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,**
    **EDELMAN & DICKER, LLP**

By:    */s/ Linda P. Wills*
         Linda P. Wills
         State Bar No. 21661400
         Linda.Wills@WilsonElser.com
         Marjorie L. Cohen
         State Bar No. 24031960
         Marjorie.Cohen@WilsonElser.com
         909 Fannin, Suite 3300
         Houston, Texas 77010
         Telephone:  (713) 353-2000
         Facsimile:  (713) 785-7780

**ATTORNEYS FOR DEFENDANT**
**MUTUAL OF OMAHA INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of February, 2017.

*Via CMRRR*
Ruben Alcantara
**DE LA RIVA & ASSOC.**
400 N. Loop 1604 E, Suite #110
San Antonio, TX 78232

                    */s/ Linda P. Wills*
                    **Linda P. Wills**

2381006v.1