IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| RAQUEL GEARY, | § |  |
|---|---|---|
|  | § |  |
| Plaintiff | § |  |
|  | § |  |
| v. | § | C. A. NO. 5:17-CV- |
|  | § |  |
| MUTUAL OF OMAHA | § |  |
| INSURANCE COMPANY, | § |  |
|  | § |  |
| Defendant. | § |  |

## INDEX OF PLEADINGS, ANSWERS TO PLEADINGS, PROCESS, AND ORDERS FROM STATE COURT ACTION

The following is an index of the pleadings, answers to pleadings, process, and orders entered by the state court in as Cause No. 2017CI01740; *Raquel Geary v. Mutual of Omaha Insurance Company;* In the 408th Judicial District Court of Bexar County, Texas:

| NO. | NAME OF DOCUMENT | DATE FILED |
|---|---|---|
| 1. | Docket Sheet (with clerk's certification) | 1-30-17 |
| 2. | Plaintiff's Original Petition with Jury Demand | 1-30-17 |
| 3. | Civil Case Information Sheet | 1-31-17 |
| 4. | Citation for Defendant Mutual of Omaha Insurance Company | 1-31-17 |

2381873v.1


EXHIBIT A

```
RUN DATE: 02/08/2017 Bexar County Centralized Docket System Pg: 1  PGM: DKB4900P
RUN TIME: 11:04:28                                                  JCL: SPPROD
```

## * D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2017CI01740

DATE FILED: 01/30/2017       COURT: 408       UNPAID BALANCE:    0.00
TYPE OF DOCKET: OTHER CONTRACT

### * * * S T Y L E * * *

    RAQUEL GEARY
        VS MUTUAL OF OMAHA INSURANCE COMPANY

ACCOUNT TYPE:              ACCOUNT NO:
ACCESS: 0                  STATUS: PENDING
LIST TYPE: C

### * L I T I G A N T   I N F O R M A T I O N *

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | GEARY RAQUEL | PLAINTIFF | 01/30/2017 |
|  |  | 00001 ALCANTARA, RUBEN |  |
| 00002 | MUTUAL OF OMAHA INSURANCE COMPANY | DEFENDANT | 01/30/2017 |

### * S E R V I C E S   I N F O R M A T I O N *

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|
| 00001 | CITATION CERTIFIED MAIL | 150 |  |
|  | ISS: 01/31/2017  REC:    EXE:    RET: |  |  |

### * A T T O R N E Y   I N F O R M A T I O N *

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 01/30/2017 | 24009860 | ALCANTARA, RUBEN | SELECTED | 01/31/2017 |

### * P R O C E E D I N G   I N F O R M A T I O N *

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|---|---|---|---|---|
| 00001 | 01/30/2017 | 0000 | 0000 | 0000 |
|  | DESC: PETITION |  |  |  |
| 00002 | 01/30/2017 | 0000 | 0000 | 0000 |
|  | DESC: SERVICE ASSIGNED TO CLERK 1 |  |  |  |
| 00003 | 01/31/2017 | 0000 | 0000 | 0000 |
|  | DESC: CIVIL CASE INFORMATION SHEET |  |  |  |

### * T R I A L   I N F O R M A T I O N *

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|---|---|---|---|---|---|

### * O R D E R   I N F O R M A T I O N *

| SEQ | DATE FILED | JUDGE NAME | VOLUME | PAGE | PAGE CNT | AMOUNT | SOF |
|---|---|---|---|---|---|---|---|

### * B O N D   I N F O R M A T I O N *

```
RUN DATE: 02/08/2017  Bexar County Centralized Docket System Pg: 2  PGM: DKB4900P
RUN TIME: 11:04:28                                                  JCL: SPPROD
```

SEQ     DATE FILED     PRINCIPAL



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*February 08, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By:

Tony Ozuna, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
1/30/2017 4:51:53 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Ann Morales

NO. **2017CI01740**

| | | |
|---|---|---|
| **RAQUEL GEARY**<br>**Plaintiff,** | § § § | IN THE DISTRICT COURT |
| V. | § § § | **408TH** JUDICIAL DISTRICT |
| **MUTUAL OF OMAHA INSURANCE COMPANY**<br>**Defendant.** | § § § § | OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Raquel Geary, hereinafter called Plaintiff, complaining of and about Mutual of Omaha Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3. This case involves complex issues and will require extensive recovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES AND SERVICE

2.  Plaintiff, Raquel Geary, is an individual who resides in Bexar County, Texas.

3.  The last three numbers of Raquel Geary's driver's license number are 874.

4.  Defendant Mutual of Omaha Insurance Company is an insurance company that on information and belief is licensed to conduct the business of insurance in Texas and has its headquarters in Omaha, Nebraska. It can be served with citation by serving its registered agent for service of process, Corporation Service Company, by certified mail, return receipt requested,

1

at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $200,000 but not more than $1,000,000.

7. This court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. Venue in Bexar County is permissive in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## CONIDTIONS PRECEDENT

9. All conditions precedents to recovery have been performed, waived, or have occurred.

## I. FACTUAL ALLEGATIONS

10. On or about July 17, 2014, Raquel Geary filled out her application for critical illness insurance from Defendant. In completing and signing the application, the Plaintiff did not intentionally withhold any relevant information requested in the application. Subsequent to that application, a $20,000.00 base policy was issued by Defendant to Plaintiff under policy number 532067-91.

11. The policy included a "Time Limit on Certain Defenses" provision which states in part that after a policy has been in force for a period of two years during the Insured's lifetime, the defendant cannot use misstatements, except fraudulent misstatements, in the application to void the coverage or deny a claim for loss that happens after the two year period.

12. Subsequent to the two year period of the policy, Plaintiff was diagnosed with cancer and submitted her claim under her critical illness policy. Upon information and belief, only after the Plaintiff submitted her claim for the policy proceeds did Mutual of Omaha seek her medical records. Upon reviewing her medical records, Mutual of Omaha wrongfully decided to rescind her policy. In its September 16, 2016 letter to Plaintiff, it stated that it based its decision upon "fraudulent misrepresentations made on the application".

13. Since Defendant's unjust recession of Plaintiff's policy and the resulting wrongful denial of the payment of her policy's proceeds, the Plaintiff has suffered extreme emotional distress due to the poor state of her health and her finances.

14. As a result of Defendant's egregious and unconscionable conduct, Plaintiff was forced to retain the services of the undersigned attorneys.

## II. CAUSES OF ACTION

### BREACH OF CONTRACT

15. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

16. All conditions precedent to the performance of Mutual of Omaha Insurance Company under the Contract have been met.

17. The contractual obligations of Raquel Geary have been fully performed.

18. According to the policy, Mutual of Omaha is obligated to pay critical illness benefits if Plaintiff is diagnosed with a critical illness inured condition, which includes life threatening cancer.

19. Defendant's refusal to pay Plaintiff her critical illness benefits as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of

3

contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered damages as described in this petition.

## DECLARATORY RELIEF

20. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

21. There is a real and immediate dispute between the parties regarding the validity of the Contract.

22. Pursuant to the Uniform Declaratory Judgment Act, Texas Civil Practice and Remedies Code §§ 37.001 et seq., Plaintiff requests that the Court issue a declaratory judgment declaring the Contract valid and enforceable under the laws of the State of Texas. Raquel Geary and Mutual of Omaha Insurance Company freely entered into the Contract, and it is supported by valuable consideration.

23. Plaintiff has incurred costs and reasonable and necessary attorney fees in seeking this declaratory judgment.

## VIOLATIONS OF THE DTPA

24. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

25. Defendant's acts, omission, failures and conduct violate Section 542 of the Texas Insurance Code because it failed to pay Plaintiff's critical illness policy benefits within the applicable statutory period. In the event it is determined Defendant owes Plaintiff these benefits, then Defendant has automatically violated Section 542 in this matter.

26. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against

Defendant.

27. Specifically, Defendant violations of the DTPA include, without limitation, the following: Defendants have violated Sections 17.46(b)(5), (7), (9), (12) and (24) of the DTPA. Defendant's violations include, without limitation, (1) misrepresentations in order to induce Plaintiff to purchase the policy; (2) failure of Defendant to give Plaintiff the benefit of the doubt; (3) Defendant's wrongful rescission of Plaintiff's policy despite the complete absence of any evidence that Plaintiff made and "fraudulent" misrepresentations on the application and/or intended to deceive Mutual of Omaha; and (4) Defendant's refusal to pay the critical illness benefits for which liability had become reasonably clear, which gives the Plaintiff the right to recover under Section 17.46(b)(2).

28. Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendant represented to Plaintiff that Mutual of Omaha insurance policy and investigative services had characteristics or benefits that it did not have.

29. Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendant represented to Plaintiff that Mutual of Omaha insurance policy and investigative services were of a particular standard, quality or grade when they were of another.

30. Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendant advertised Mutual of Omaha's insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

31. Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendant represented to Plaintiff that Mutual of Omaha insurance policy, adjusting and investigative services conferred or involved rights, remedies or obligations that it did not have.

32. Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because

5

Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

33. Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendant's action are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

34. Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendant's conduct, acts, omission, and failures are unfair practices in the business of insurance.

35. All of the above-described acts, omissions and failure of Defendant is a producing cause of Plaintiff's damages as described in the petition. All of the above described acts, omission, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE

36. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

37. By their acts, omissions, failures and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, including, (1) Defendants failure to give Plaintiff the benefit of the doubt; (2) Defendant's wrongful rescission of Plaintiff's policy despite the complete absence of any evidence that Plaintiff made fraudulent misrepresentations on the application and/or intended to deceive Mutual of Omaha; and (3) Defendant's refusal to pay the critical illness benefits for

which liability had become reasonably clear. Defendant is guilty of the following unfair insurance practices:

a. engaging in false, misleading and deceptive acts or practices in the business of insurance;

b. engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. not attempting tin good faith to effectuate a prompt, fair and equitable settlement of a claim submitted for which liability became reasonable clear;

e. refusing to pay a claim without conducting a reasonable investigation; and

f. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiff's claim.

38. Defendant also breached the Texas Insurance Code when they breached its duty of good faith and fair dealing.

39. Plaintiff suffered damages resulting from Defendant's conduct.

40. Defendants acts, omissions and failures were done knowingly as that term is described in the Texas Insurance Code.

**BREACH OF THE DITY OF GOOD FAITH AND FAIR DEALING**

41. Plaintiff incorporates paragraphs 1-40 set forth herein.

42. By their acts, omissions, failure and conduct, Defendant has breached their common law duty of good faith and fair dealing by wrongfully rescinding Plaintiff's policy

despite a complete lack of evidence that Plaintiff made fraudulent misrepresentations in her policy application and/or submitted her policy application with an intent to deceive Mutual of Omaha, by refusing to pay Plaintiff her critical illness policy benefits without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for rescinding the policy.

43. These acts, omissions, failures and conduct of Defendant are a proximate cause of Plaintiff's damages.

## WAIVER AND ESTOPPEL

44. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusion or exceptions to coverage not contained in any of its letter to Plaintiff.

## DAMAGES

45. The above-described acts, omission, failures and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the $20,000.00 proceeds of her critical illness policy. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is entitled to recover the amount of her claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

46. Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

## EXEMPLARY DAMAGES

47. Defendant's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects in citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for tie wrongful conduct and to set an example to deter Defendant and other similarly situated from committing similar acts in the future.

## ATTORNEY'S FEES

48. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, Section 17.50 of the DTPA and Section 37.009 of the Texas Civil Practice and Remedies Code.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Raquel Geary, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, that Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices

Act, and all punitive, additional, exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, and for such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

DE LA RIVA & ASSOC

By: _____

Ruben Alcantara
Texas Bar No. 24009860
Email: ralcantara@delarivalaw.com
400 N. Loop 1604 E - Suite #110
SAN ANTONIO, TX 78232
Tel. (210) 224-2200
Fax. (210) 224-2204
Attorney for Plaintiff
Raquel Geary

10

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*February 08, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By:

Tony Ozuna, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 2017CI01740        COURT (FOR CLERK USE ONLY): 408th

STYLED Raquel Geary vs Mutual of Omaha Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Ruben Alcantara | Email: ralcantara@delarivalaw.com | Plaintiff(s)/Petitioner(s): Raquel Geary | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 400 N. Loop 1604 E, Suite 110 | Telephone: 210-224-2200 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78232 | Fax: 210-224-2204 | Defendant(s)/Respondent(s): Mutual Of Omaha Insurance Company | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: /s/ | State Bar No: 24009860 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☒Other Debt/Contract:<br>Breach of Contract<br>**Foreclosure**<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>**Malpractice**<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>**Product Liability**<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>**Divorce**<br>☒With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment**<br>☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | **Other Civil**<br>☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐Appeal from Municipal or Justice Court     ☐Declaratory Judgment             ☐Prejudgment Remedy
☐Arbitration-related                        ☐Garnishment                      ☐Protective Order
☐Attachment                                 ☐Interpleader                     ☐Receiver
☐Bill of Review                             ☐License                          ☐Sequestration
☐Certiorari                                 ☐Mandamus                         ☐Temporary Restraining Order/Injunction
☐Class Action                               ☐Post-judgment                    ☐Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*February 08, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By:

Tony Ozuna, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

CERTIFIED MAIL #70151660000034277991   **Case Number: 2017-CI-01740**

2017CI01740  S00001

**RAQUEL GEARY**

*Plaintiff*

vs.

**MUTUAL OF OMAHA INSURANCE COMPANY**

*Defendant*

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** MUTUAL OF OMAHA INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF JANUARY A.D., 2017.

PETITION

RUBEN ALCANTARA
ATTORNEY FOR PLAINTIFF
400 N LOOP 1604 E 110
SAN ANTONIO, TX 78232-1258



m|o  1/31/17

**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Eneyda Contreras-Imperial,* Deputy

Officer's Return

Came to hand on the 31st day of January 2017, A.D., at 10:33 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Eneyda Contreras-Imperial,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED